In the Matter of the Estate of RUDOLF WOLF, Deceased.

Surrogate's Court, Westchester County, July 11, 1939.

*Abraham I. Menin* [*Abraham I. Menin* and *Arthur S. Simon* of counsel], for Janet S. Wolf, as executrix, etc., petitioner.

*Samuel J. Krinn*, for the objectant.

*Richard H. Levet*, special guardian.

MILLARD, S. A proceeding brought on behalf of one Sally Stephans to compel the executrix to account was, by order dated May 25, 1939, consolidated with this accounting proceeding.

Decedent died on December 5, 1936, leaving a will executed by him on March 14, 1934. He was survived by his wife and two

infant children. Under article " Fifth " of decedent's will, Sally Stephans, his secretary, receives a legacy of $2,000 in addition to the income for life from a trust fund in the principal sum of $15,000. Article " Sixth " of his will provides as follows:

" *Sixth.* I hereby give, devise and bequeath to my wife, Janet S. Wolf, my business as agent and broker in Burlap, Burlap Bags, and other merchandise, now carried on by me at No. 80 Wall Street, Borough of Manhattan, New York City, together with any sums due me in connection with the said business, either from my principals, from joint adventures, or otherwise, the said sums and all property of the said business, including my bank account or accounts to be the property of my wife, Janet S. Wolf, who may carry on the said business or dispose of it as she may see fit, provided however that if my wife elects to terminate the said business, and to liquidate the same, she may retain the proceeds thereof, or, by instrument in writing, turn over all or any part of the proceeds of the said business to my Trustee hereinafter named, to be included as a part of the trust estate hereafter mentioned, my said Trustee however to be responsible only for such funds as it may receive from my wife in this connection."

It is the above-quoted article of decedent's will which gives rise to the present controversy. The evidence is to the effect that, prior to his death, decedent was principally engaged in the burlap bag brokerage business referred to by him in article " Sixth " of his will, but that upon occasions he entered into other business ventures. It further appears that shortly before his death, decedent entered into a contract whereby he undertook to sell a number of airplanes for foreign shipment. This contract was partially performed by him during his lifetime and thereafter completed by his widow as temporary administratrix of his estate. After deducting various payments made on account of this transaction, a net profit in the sum of $112,146.00 was realized.

The widow now contends that, since this sum was realized as a result of a *business venture* by decedent, she is entitled to the full amount thereof by virtue of article " Sixth " of his will. Thus, her account as executrix reflects the profit on the airplane contract as constituting a portion of her legacy. (Italics mine)

Both the legatee, Sally Stephans, and the special guardian for the infant children, have filed numerous objections to the account of the executrix, practically all of which are based upon a different interpretation of article " Sixth " of decedent's will. In other words, they respectively contend that said article of the will refers only to the burlap bag business and not to any other enterprise of decedent. They point out that, since the will antedates the airplane

contract, he could not have contemplated that the proceeds from the latter would pass under said article of his will.

The court is in agreement with the contention made by the widow. When interpreting the language used by the testator, no words contained in his will should be disregarded as meaningless. By article " Sixth " of the will, he gives to his wife " my business as agent and broker in Burlap, Burlap Bags, *and other merchandise,* now carried on by me at No. 80 Wall Street. Borough of Manhattan, New York City, *together with any sums due me in connection with the said business, either from my principals, from joint adventures, or otherwise.*" (Italics mine) It is my opinion that decedent intended that his wife should, at his death, receive the proceeds from any and all businesses in which he was engaged at that time. That he contemplated engagement in enterprises other than the burlap bag business is strongly indicated by his use of the words " from joint adventures, or otherwise." Decedent maintained but one business bank account and all transactions carried on by him were entered in one ledger. Apparently his meaning of business was anything that he might be engaged in at the moment whether it involved burlap bags or some other form of merchandise. The objections filed to this item are therefore overruled and dismissed. It follows that the objections to the various expenditures made by the widow out of the profits received on the airplane contract cannot be sustained.

It appearing from the account that the widow has elected to liquidate the burlap bag business, and that after paying all debts and administration expenses, her specific legacy has been invaded to the extent of $27,997.86, there will be an abatement of the remaining legacies contained in the will. The account shows that the general estate, exclusive of all business, amounted to $62,101.23. The loss sustained on the sale of securities, the personal debts of decedent, together with the estate taxes which, by the terms of the will, are payable out of the residuary estate, all amount to $65,291.12. It therefore becomes apparent that even though all objections to the payments of the various items of administration expenses were to be sustained, there would still be a deficiency payable out of the business assets.

The objection of Sally Stephans with respect to the Container Corporation stock is overruled and dismissed, and the motion made at the hearing to dismiss said claim, granted for failure of proof.

All further objections to the account not hereinbefore specifically referred to are overruled and dismissed.

Settle decree.